IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A.B., | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | No. 22-1803 |
|     Defendant. | : | |

## MEMORANDUM

Before the Court is the City of Philadelphia's Motion to dismiss A.B.'s "petition" for lack of subject matter jurisdiction. The City argues the *Rooker-Feldman*[1] doctrine bars Plaintiff's claims, or in the alternative, the Court should abstain under *Younger*[2] because A.B.'s claims involve custody and removal proceedings which are ordinarily within the province of state courts. (ECF 3). Plaintiff disagrees. (ECF 4). She argues neither the *Rooker-Feldman* doctrine or *Younger* abstention bar her "petition" and the relief sought. *Id.* The Court agrees with the City and dismisses the Complaint with prejudice.

**I.   FACTUAL BACKGROUND**

Plaintiff is the biological mother of three minor children. (ECF 1 ¶ 6; *id* at p. 12-13 (Superior Court opinion)). The Philadelphia Department of Human Services sought to terminate her parental rights to her three children and to change the permanency goal for each child to adoption. (*Id.* ¶ 7). Following two hearings, a judge in the Philadelphia Court of Common Pleas issued six orders which terminated Plaintiff's parental rights to all her children and changed their

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

permanency goals to adoption. (*Id.* ¶¶ 9-11). Plaintiff appealed the orders to the Superior Court asserting, amongst other things, the trial court's orders violated her Fourteenth Amendment due process rights because her attorney was unable to introduce thirteen exhibits into evidence and was thus, ineffective. (*Id.* ¶¶ 12-16). The Superior Court rejected this argument and affirmed the orders. (*Id.* ¶ 12).

She filed this "petition".[3] alleging two counts: one for an emergency petition to stay the adoption of her three children (*id.*, Count I), and one for "a new trial based on ineffective assistance of counsel" (*id.*, Count II). Plaintiff avers had these exhibits been introduced into evidence, "it is possible the six orders [terminating her parental rights and changing the children's goals to adoption] would not have been entered." (*Id.* ¶ 17). She alleges she was deprived of her constitutional right to effective counsel during the hearings. (*Id.* ¶¶ 18-23). Plaintiff "respectfully requests" this Court to vacate "the order terminating [Plaintiff's] parental rights, as well as the orders changing the goal to adoption," and to order the Philadelphia Court of Common Pleas to conduct a new trial. (*Id.*, Wherefore clause).

**II.   STANDARD OF REVIEW**

The City moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Challenges to subject matter jurisdiction may be facial or factual. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F. 3d 99, 105 (3d Cir. 2015) (citing *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (further citation omitted)). "A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship

---

[3] The Court construes Plaintiff's "petition" as a Complaint.

among the parties, or because some other jurisdictional defect is present." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). "A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* "In sum, a facial attack 'contests the sufficiency of the pleadings . . . whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Id.* (citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (cleaned up).

Here, the City presents a facial attack on the Court's subject matter jurisdiction. *Aichele*, 757 F.3d at 358 ("The Commonwealth filed the attack before it filed any answer to the Complaint or otherwise presented competing facts. Its motion was therefore, by definition, a facial attack.") (citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 892 n.17 (3d Cir.1977)). "In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff' . . . Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.,* construing the alleged facts in favor of the nonmoving party." *Id.* (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012) (further citation omitted)).

### III.   DISCUSSION

The City argues the Court lacks subject matter jurisdiction over the case under the *Rooker-Feldman* doctrine. "The *Rooker–Feldman* doctrine strips federal courts of jurisdiction over controversies 'that are essentially appeals from state-court judgments.'" *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). The *Rooker-Feldman* doctrine applies in

limited cases where the following four requirements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co.*, 615 F.3d at 166. The Court concludes the *Rooker-Feldman* doctrine deprives it of subject matter jurisdiction to hear this case or grant Plaintiff the relief she seeks.

It is clear from the face of the Complaint the "federal Plaintiff lost in state court." *Great W. Mining & Min. Co.*, 615 F.3d at 166. Plaintiff's parental rights were terminated for all three of her children and their permanency goals were changed to adoption. (ECF 1 ¶¶ 7-16, Ex. A). She appealed and lost her appeal. (ECF 1, Ex. A). Prong one is met.

Plaintiff complains of injuries caused by the state-court judgments. *Great W. Mining & Min. Co.*, 615 F.3d at 166. This requirement is "an inquiry into the source of the plaintiff's injury." *Vuyanich v. Smithton Borough*, 5 F.4th 379, 385 (3d Cir. 2021) (citing *Great W. Mining & Min. Co.*, 615 F.3d at 166) (internal quotations omitted). "To deprive the court of jurisdiction, the plaintiff's injury must actually be 'produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.'" *Id.* (further citation omitted).

Plaintiff's claimed injury is the loss of her three children. The redress she seeks is an order overturning the state court orders terminating her parental rights and changing her children's permanency goals to adoption. (ECF 1, Wherefore clause). She does not seek monetary damages or any other relief. Plaintiff complains of an injury—the loss of her children—caused by the state-court judgment. *See, e.g., Calipo v. Erie Cnty. Off. of Child. & Youth Servs.*, 786 F. App'x 329, 331 (3d Cir. 2019) ("We reiterate that we are affirming the District Court's dismissal of the amended complaint to the extent that Calipo seeks relief from the termination of her parental rights.

4

Calipo is advised that the District Court, as part of this proceeding, cannot restore her parental rights or award her damages based solely on the loss of those rights."); *Goodin v. Butler, PA CYS*, No. 21-265, 2021 WL 5504603, at *3-4 (W.D. Pa. Nov. 23, 2021); *Shallenberger v. Allegheny Cnty.*, No. 20-73, 2020 WL 1465853, at *3 (W.D. Pa. Mar. 26, 2020).

The trial court's orders and the Superior Court's decision and order affirming the termination of Plaintiff's parental rights were rendered before Plaintiff filed this lawsuit in May 2022. (*See, e.g.*, ECF 1 (filed May 10, 2022), ECF 1, Ex. A at 36 (judgment entered December 14, 2021)). The Superior Court's judgment was issued in December 2021. Prong three is met.

Finally, Plaintiff invites this Court to review and reject the state court orders. *Great W. Mining & Min. Co.*, 615 F.3d at 166. The inquiry into prongs two and four are "closely related" and "[w]hat [requirement four] targets is whether the plaintiff's claims will require appellate review of state-court decisions by the district court." *Id.* at 168-69. "When the plaintiff attempts to litigate previously litigated matters, the federal court has jurisdiction as long as the federal plaintiff presents some independent claim, even if that claim denies a legal conclusion reached by the state court." *In re Phila. Ent. & Dev. Partners*, 879 F.3d 492, 500 (3d Cir. 2018).

Here, Plaintiff alleges her attorney was unable to introduce thirteen exhibits at her termination hearings because the attorney failed to anticipate hearsay objections which resulted in the exhibits' exclusion. (ECF 1 ¶ 13). Plaintiff appealed the decision to terminate her parental rights to the Superior Court. (*Id.*). The first issue on appeal was: "Did the trial court violate Mother's Fourteenth Amendment due process rights and abuse its discretion when it failed to conduct a full and fair evidentiary hearing?" (ECF 1, Ex A., at 15). Plaintiff argued "she was deprived of her due process rights because her attorney 'failed to introduce relevant and probative evidence of her compliance with DHA goals,' and thus deprived her of a full and fair hearing."

(*Id.* at 18). She argued the attorney's failure to introduce these thirteen exhibits was ineffective assistance of counsel leading to a deprivation of her due process rights. (*Id.* at 18-19). She asked the Superior Court to "reverse and remand for the new appointment of counsel." (*Id.* at 19).

In its decision, the Superior Court began by recognizing Plaintiff's constitutional right to effective assistance of counsel in parental termination cases. (*Id.* at 19). It found the record did not support a finding that her counsel's conduct caused the termination decrees because "counsel's alleged ineffectiveness did not result in the complete preclusion of certain evidence" and the excluded evidence merely would have "gone to the weight of the other evidence presented, by Mother and DHS." (*Id.* at 20). It reasoned the trial court "extensively considered" her own testimony regarding these issues and weighed it against the counter evidence the Department presented. (*Id.*). Thus, the Superior Court concluded "no relief" was "due on Mother's ineffective assistance of counsel claim." (*Id.* at 21).

The Superior Court addressed the very issue presented here: whether Plaintiff's constitutional rights were violated by her counsel's alleged ineffective assistance warranting a new trial and the appointment of new counsel.[4] It answered no. The Superior Court found no causation (and thus, no ineffective assistance) and no constitutional violation warranting a new trial. It is

---

[4] The Court cannot reconcile Plaintiff's contention that the Superior Court considered this issue but "did not address it as a violation of [her] constitutional rights." (ECF 4 at 5). It is precisely what the Superior Court's opinion addressed. (ECF 1, Ex. A). Plaintiff seems to argue that the Superior Court did not address whether counsel was ineffective. This is not accurate. The Superior Court, quoting *In the Int. of J.T.*, 983 A.2d 771, 774-75 (Pa. Super. 2009), wrote: "a finding that counsel was ineffective is made only if the parent demonstrates that counsel's ineffectiveness was 'the cause of the decree of termination.'" (ECF 1, Ex. A at 19). It then found counsel's conduct did not cause the termination decree and thus was not ineffective and then provided reasoning why it found this. (*Id.* at 19-21). The Superior Court held Plaintiff was not entitled to a new trial with new counsel due to counsel's failure to introduce these thirteen exhibits. Her counsel's effectiveness has been adjudicated as has the issue of whether her due process were violated as a result of any alleged ineffectiveness. Plaintiff disagrees with the Superior Court's finding. But her disagreement does not permit this Court to provide her with the relief sought.

clear Plaintiff disagrees with this decision. She pleads: "With all due respect to the Superior Court, it missed the point entirely with regard to the significance of the evidence." (ECF 1 ¶ 38). In her view, the Superior Court's decision should have been different. And she wants this Court to review the same evidence the Superior Court did, conclude her counsel was ineffective resulting in her due process rights being violated, and find she is entitled to a new trial, something the Superior Court already rejected. She wants this Court to reverse the trial court orders and the Superior Court order and order the state court to conduct a new trial. Plaintiff seeks for this Court to review and reject the state court orders.

If Plaintiff disagreed with the Superior Court's findings, she needed to appeal to the Pennsylvania Supreme Court, not initiate a separate federal action against the City of Philadelphia with a "petition" requesting the Court vacate state court orders and require a new trial. The Court finds the *Rooker-Feldman* doctrines bars Plaintiff's claims and thus, the Court lacks subject matter jurisdiction.[5] The Court dismisses Plaintiff's Complaint with prejudice.

## IV.   CONCLUSION

Plaintiff seeks a redo: she wants a new trial on whether her parental rights should be terminated. But after a two-day hearing the state trial court terminated her parental rights and changed her children's permanency goals to adoption. When she appealed to the Superior Court,

---

[5] *See Calipo*, 786 F. App'x at 331; *Goodin*, 2021 WL 5504603, at *3-4; *Shallenberger v. Allegheny Cnty.*, 2020 WL 1465853, at *3-5 (Plaintiffs here ask this Court to overturn the state court's parental-termination order. That is a bridge too far. *Rooker-Feldman* forbids this Court from sitting as a *de facto* appellate court over a state family-court judge."); *Gross v. Stine*, No. 21-699, 2021 WL 5112265, at *4 (M.D. Pa. Nov. 3, 2021) (collecting cases); *Lyman v. Phila. Ct. of Common Pleas*, No. 16-5191, 2017 WL 2813228, at *4 (E.D. Pa. June 29, 2017), *aff'd sub nom. Lyman v. Phila. Ct. of Common Pleas Domestic Rels. Div.*, 751 F. App'x 174 (3d Cir. 2018); *Walthour v. Child & Youth Servs.*, 728 F. Supp. 2d 628, 640 (E.D. Pa. 2010); *see also Marchisotto v. Malik*, No. 20-20426, 2022 WL 2341631, at *4 (D.N.J. June 29, 2022); *Clark v. Alight Sols., LLC*, No. 21-1855, 2022 WL 736248, at *5-6 (E.D. Pa. Mar. 11, 2022), *reconsideration denied*, No. 21-01855, 2022 WL 1524112 (E.D. Pa. May 12, 2022)

it concluded her counsel was not ineffective because his conduct did not "cause" the termination of her parental rights and found her due process rights were not violated. It declined to order a new trial with new counsel. She now sues in federal court requesting this Court to "vacate" the "orders terminating [her] parent[al] rights" and the "orders changing the goal to adoption" and order a new trial in state court. The state appellate court already rejected this relief based on the same argument. The Court lacks subject matter jurisdiction over Plaintiff's claims and cannot provide her the relief she seeks. The Court dismisses Plaintiff's Complaint with prejudice.

    An Order consistent with this Memorandum will be docketed separately.